The Vice-Chancellor.
The whole real estate is devised in trust, and if, by the limitations grafted upon the trust, the absolute power of alienation may be suspended for more than two lives in being at the testator’s death, the devise is void. (Hawley v. James, 16 Wend. 61; Thompson v. Carmichael’s Executors, 1 Sandford’s Ch. R. 387.) The validity of the trust will therefore be properly tested by the inquiry whether, on any supposable contingency, it may continue beyond two such lives.
The first gift from the trust fund, is the annuity to Mrs. Brown for life. This is an inalienable trust interest, and requires the estate to continue in the trustees while she lives. (Hawley v. James, 16 Wend. 117 to 119 ; 121, 122 ; 164, 165; 173, 174.)
Next in order, is the devise of one third of the net rents to the testator’s wife for life. As she is the trustee, as well as the beneficiary, she must be deemed to take an absolute legal estate in this provision. (Mason v. Mason’s Executors, 2 Sandf. Ch. R. 432. But this does not affect the question, because her life is to elapse before it can be ascertained who will be entitled to the residuary estate. Her life, is therefore, to be taken into the account, and with that of Mrs. Brown, it exhausts the limit which the law has assigned to the suspense of the power of alienation.
Then, as to the remaining two thirds of the rents and profits, after paying the annuity. The testator divides this remainder into three equal parts. One part of the income is to be paid to Joseph, during his life.
Now, let it be supposed that Joseph has survived both Mrs. Brown and Mrs. Wilson. The trust must still continue while he lives, unless the trustees, who are, in that respect, vested with an uncontrollable discretion, (Bunnerr v. Storm, 1 Sandf. Ch. R. 357;) shall have sold the real estate, and Joseph received the two ninth parts, absolutely, as permitted by the will. But, inasmuch as he could not receive any part of the estate, absolutely, until *525 after the conversion of the lands devised, and as that conversion was purely discretionary, it is perfectly obvious, that by the terms of the will, the trust, as to two ninths of the real estate, might continue through the life of Joseph, after the death of both Mrs. Brown and Mrs. Wilson. The same argument applies to the two ninth parts, of which, the income is given in the first instance, to the testator’s daughter, Ann.
The remaining two ninths, is subject to the same observations, in the event of Mrs. McSorley surviving Mrs. Wilson. She would, then, receive the income during her life, and the trust would continue for that purpose.
Thus, it appears, that as to two thirds of the trust estate, the absolute power of alienation may be suspended, and, on the most probable contingencies must be suspended, for more than two lives in being, at the death of the testator.
The third part, out of which Mrs. Wilson’s income is made payable, is, upon her death, devised directly and absolutely ; so, that the suspended power revives after the lapse of the two lives first named. The trust, in respect of this portion of the property, is, therefore, unobjectionable; but the remaining trusts being void, it cannot be upheld without doing injustice to the parties, and must fall with the principal devise.
There must be a decree, declaring the will void as to the real estate, and directing the usual reference in partition cases.